## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| American Immigration Lawyers Association, 1331 G Street, NW Suite 300 Washington, D.C. 20005-3142<br><br>Parrilli Renison, LLC 610 SW Broadway Suite 505 Portland, Oregon 97205<br><br>Plaintiffs,<br><br>v.<br><br>Kenneth Cuccinelli, in his Official Capacity, Acting Director, U.S. Citizenship and Immigration Services, c/o Office of the General Counsel 245 Murray Lane, SW Mail Stop 0485 Washington, DC 20528-0485<br><br>U.S. Citizenship and Immigration Services; c/o Office of the General Counsel 245 Murray Lane, SW Mail Stop 0485 Washington, DC 20528-0485<br><br>Defendants. | CIVIL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT<br><br>Case No. |

## INTRODUCTION

1.     This civil action seeks declaratory and injunctive relief against Kenneth

Cuccinelli, Acting Director, United States Citizenship and Immigration Services

1

("USCIS"), and USCIS under the Administrative and Procedure Act ("APA"), 5

U.S.C. § 701, *et. seq*.

2.      Defendants' have arbitrarily, capriciously, unlawfully and unconstitutionally

issued "public charge" regulations, "*Inadmissibility on Public Charge Grounds*,"

84 Fed. Reg. 41,292 (Aug. 14, 2019) (to be codified at 8 C.F.R. Parts103, 212-14,

245, 248).

3.      While multiple lawsuits challenging the substance of the regulations remain

pending,[1] this lawsuit challenges a separate unlawful agency action: Defendants'

failure to allow non-citizens and employers to file applications and petitions for

immigration benefits through its refusal to accept certain current, unexpired forms

on or after October 15, 2019, despite withholding of the alleged new forms

necessary to submit applications and petitions for immigration benefits after such

date.

4.      This Court should enjoin the arbitrary, capricious and unconstitutional action

of USCIS and declare that the current editions of the specified forms for

---

[1] There are at least ten lawsuits seeking to enjoin the final rule and regulations.
*See, e.g., La Clinica De La Raza, et. al. v. Trump*, Case No. 4:19-cv-4980-PJH
(N.D. Cal.); *State of California, et. al. v. DHS*, Case No. 3:19-cv-04975 (N.D.
Cal.); *City and County of San Francisco, et. al. v. USCIS*, Case No. 3:19-cv-4717
(N.D. Cal.); *Mayor and City Council of Baltimore v. Trump*, Case No. ELH-18-
3636 (D. Md.); *State of Washington, et. al. v. DHS*, Case No. 4:19-cv-05210 (E.D.
Wash.).

immigration benefits are to remain valid for use for a period of not less than 60 days from the date the revised forms are issued or January 1, 2020, whichever is later. *See* 5 U.S.C. § 706(2).

## JURISDICTION

5.     This case arises under INA § 101, 8 U.S.C. § 1101, *et. seq.*, and the APA, 5 U.S.C. § 701, *et. seq.*  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as a civil action arising under the laws of the United States.  This Court also has the authority to grant declaratory relief under 28 U.S.C. §§ 2201-02, and injunctive relief under 5 U.S.C. § 702 and 28 U.S.C. §§ 1361-62.  The United States has waived sovereign immunity under 5 U.S.C. § 702.

6.     Plaintiffs have individual and organizational standing, respectively, to bring this ripe case or controversy.  Defendants' action and omission has injured Plaintiff Parrilli Renison from conducting business which depends on the ability to properly file immigration petitions and applications and advise non-citizens and employers seeking immigration benefits.

7.     Defendants' action and omission has injured Plaintiff American Immigration Lawyers Association (AILA)'s, core, daily activity and interest in advising, serving, and educating its member-attorneys with appropriate guidance and information on immigration laws and regulations.  Moreover, AILA has attempted

to counteract Defendants' discreet and demonstrable injury by using considerable resources to correct and resolve Defendants' unlawful action to no avail and, as such, it cannot fulfill its core mission to serve its membership. *See* U.S. Const. art. III, § 2; *Chamber of Commerce v. EPA*, 642 F.3d 192, 199, 395 U.S. App. D.C. 193 (D.C. Cir. 2011); *Summers v. Earth Island Inst.*, 555 U.S. 488, 493, 129 S. Ct. 1142 (2009). *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 378-79, 102 S. Ct. 1114 (1982); *Equal Rights Ctr. v. Post Props., Inc.*, 633 F.3d 1136, 1138, 394 U.S. App. D.C. 239 (D.C. Cir. 2011) (an organization "can assert standing on its own behalf, on behalf of its members or both" where it has suffered a "concrete and demonstrable injury to [its] activities.").

8.     Defendants' unlawful actions have materially frustrated AILA's core missions of assisting members in effectively and competently pursuing their law practice and enhancing their professional capacity. The failure to accept current, unexpired versions of certain forms necessary to apply or petition for immigration benefits without releasing the new forms in advance of the arbitrary October 15, 2019 deadline and allow for a period of transition, has significantly interfered with AILA's mission and will, if left unchecked, continue to impose substantial, tangible costs on the organization.

4

9.      In particular, Defendants' refusal to accept certain current, unexpired forms
necessary to apply for immigration benefits, while withholding release of the new
forms to comply with the complex new rule regarding how to determine whether
an individual applying for admission or adjustment of status will likely at any time
become a public charge will dramatically reduce and impair the number of
members that AILA can effectively serve.

10.     Defendants' harm has already caused AILA to divert scarce resources—
including staff time to: (1) preparing affected members for any and all possible
requests for information on the new immigration forms; (2) seeking answers from
the agencies to prepare its members for the information requested on the forms; (3)
advising members on strategies to employ to avoid delays from Defendants'
inaction; (4) creating new resources and materials without the requisite forms to
diligently prepare members for the upcoming changes;  and (5) training staff based
on the non-finalized and anticipated forms that will have to be retrained if and
when Defendants release the final forms.

11.     Defendants' actions will cause a perceptible impairment of AILA's mission
that will make its overall tasks more difficult.  *Nat'l Treasury Emps. Union v.
United States*, 101 F.3d 1423, 1430, 322 U.S. App. D.C. 135 (D.C. Cir. 1996);

*Fair Emp't Council of Greater Washington, Inc. v. BMC Mktg. Corp.*, 28 F.3d

1268, 1276, 307 U.S. App. D.C. 401 (D.C. Cir. 1994).

## VENUE

12.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(e) because

(1) this is a civil action in which Defendants are either employees or officers of the

United States, acting in their official capacity, or an agency of the United States;

(2) a substantial part of the events or omissions giving rise to the claim occurred in

the District of Colombia, AILA and Defendants are headquartered within this

district; and (3) there is no real property involved in this action.

## PARTIES

**Plaintiff:**

13.    AILA is the national association of immigration lawyers established to

promote justice, advocate for fair and reasonable immigration law and policy,

advance the quality of immigration and nationality law and practice, and enhance

the professional development of its members.

12.    Parrilli Renison LLC is a Portland, Oregon-based immigration law firm, and

operates under the trademark ENTRYLAW®   The firm was established in 2007,

and its founding partners, including Brent Renison, began working in the field of

immigration law in the mid-1990s in other firms. Mr. Renison and his partner

employ eight staff that solely provide immigration services.   The attorneys are members of AILA. Parrilli Renison derives all income from the provision of immigration legal services, which requires the collection of information on USCIS forms.

**Defendants:**

13.    Defendant Kenneth Cuccinelli is the Acting Director of USCIS.  As Acting Director, Defendant Cuccinelli directs the administration of USCIS, which adjudicates petitions and applications for immigration benefits.  Defendant Cuccinelli is responsible for USCIS's policies, practices and procedures. Defendant Cuccinelli is sued in his official capacity.

14.    Defendant USCIS is a component agency of the Department of Homeland Security (DHS) and shares responsibility for the implementation of the INA and immigration-related laws of the United States.  USCIS is specifically tasked with the adjudication of immigration benefits, which includes the publication of forms individuals and employers must use to properly apply for immigration benefits.

## LEGAL BACKGROUND

15.    The INA, as amended, sets forth various statutory provisions that allow non-citizens to apply for lawful status in the United States whether affirmatively or as

part of removal proceedings.  *See*, *e.g.,* 8 U.S.C. § 1158 (asylum); 8 U.S.C. §

1229a (cancellation of removal); 8 U.S.C. § 1255(a).

16.     For example, Congress set forth specific requirements for adjustment of

status.  Section 1255(a) of Title 8, United States Code, provides:

> The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and **under such regulations as he may prescribe**, to that of an alien lawfully admitted for permanent residence if (1) **the alien makes an application for such adjustment**, (2) the alien is eligible to receive an immigrant visa and **is admissible to the United States for permanent residence**, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a) (emphasis added).

17.     An applicant deemed "likely . . . to be a public charge" is "inadmissible" to

the United States.  *See* 8 U.S.C. § 1182(a)(4)(A).

18.     By regulation, "[e]very form, benefit request, or other document **must** be

submitted to DHS and executed in accordance with the form instructions regardless

of a provision of 8 CFR chapter I to the contrary."  8 C.F.R. § 103.2(a)

19.     "An applicant or petitioner may be represented by an attorney in the United

States, as defined in § 1.2 of this chapter, by an attorney outside the United States

as defined in § 292.1(a)(6) of this chapter, or by an accredited representative as defined in § 292.1(a)(4) of this chapter."  8 C.F.R. § 103.2(a)(3)

20.    "All benefit requests must be filed in accordance with the form instructions." 8 C.F.R. § 103.2(a)(3).

21.    "USCIS will consider a benefit request received and will record the receipt date as of the actual date of receipt at the location designated for filing such benefit request whether electronically or in paper format."  8 C.F.R. §103.2(a)(7)(i).

22.    "A benefit request which is rejected will not retain a filing date."  8 C.F.R. § 103.2(a)(7)(A)(ii)

23.     A benefit request will be rejected if it is not: (A) Signed with valid signature; (B) Executed; (C) Filed in compliance with the regulations governing the filing of the specific application, petition, form, or request; and (D) Submitted with the correct fee(s). If a check or other financial instrument used to pay a fee is returned as unpayable, USCIS will re-submit the payment to the remitter institution one time. If the instrument used to pay a fee is returned as unpayable a second time, the filing will be rejected, and a charge will be imposed in accordance with 8 CFR 103.7(a)(2)."  8 C.F.R. § 103.2(a)(7)(A)(ii)

24.    (iii) A rejection of a filing with USCIS may not be appealed.  8 C.F.R. § 102.2(a)(7)(A)(iii).

25.     The APA requires a minimum of thirty days between the announcement of a

final rule and its effective date, 5 U.S.C.S. § 553(d).

## FACTUAL BACKGROUND

26.     Defendants have announced that they will not accept the currently available

editions of Forms I-485, I-129, I-539, and I-864 (including short form I-864EZ) if

postmarked on or after October 15, 2019.

27.     On or after October 15, 2019, USCIS will only accept editions of the

identified forms that have been revised to reflect the new regulations, including the

issuance of a new form, Form I-944. As of October 7, 2019, the new forms have

not been published for use by the public.

28.     While USCIS has published draft versions of the revised form editions, the

extent to which the final versions will mirror the draft versions remains unknown.

29.     On behalf of its membership, AILA has spent considerable time and

resources trying to work with USCIS to understand the guidelines and

requirements under the regulations, including receipt of final publication of the

forms.

30.     Parrilli Renison LLC has expended significant staff resources and time,

including attorney and paralegal time, preparing forms for clients on Forms I-485,

I-539, I-129, and I-864.  Parrilli Renison LLC has been unable to obtain final versions of the new forms which are set to go into effect October 15, 2019.

31.     Since October 14, 2019, is a federal holiday, Columbus Day, and post offices and USCIS offices will be closed, the latest acceptable filing with current forms sent through U.S. mail will be Saturday, October 12, 2019.

32.     USCIS's failure to timely publish revised and new forms substantially impairs the ability of attorneys, individuals and employers to prepare any applications for immigration benefits.

33.     On October 10, 2018, the Department of Homeland Security published its Notice of Proposed Rulemaking to change the ground of inadmissibility based on a "public charge" determination.

34.     On August 14, 2019, the Department of Homeland Security published the Final Rule on determining inadmissibility on public charge grounds, which drastically redefines the term "public charge." Under the Final Rule, "public charge" means a noncitizen "who receives one or more public benefits, as defined in [8 CFR 212.21(b)], for more than 12 months in the aggregate within any 36-month period (such that, for instance, receipt of two benefits in one month counts as two months)." *Inadmissibility of Public Charge Grounds*, 84 Fed. Reg. 41,292, 41,501 (Aug. 14, 2019) (to be codified as 8 CFR § 212.21(a)).

35.     The final rule published in the Federal Register sets forth some of the most consequential changes in USCIS policy since the agency's creation. The regulation substantially changes the criteria by which USCIS determines whether an applicant for admission or adjustment of status is likely to become a "public charge" and thus inadmissible to the United States under INA § 212(a)(4). In making this determination, USCIS officers will apply a complex and intricately weighted "totality of circumstances" test assessing a vast array of factors. Those applicants must file in conjunction with Form I-485 a new form—Form I-944—requiring extensive documentation. As these changes make clear, the rule will fundamentally reshape the filing and adjudication of adjustment of status cases.  The rule also imposes a novel "public charge condition" on non-exempt requests for change or extension of nonimmigrant status under which adjudicators will examine nonimmigrants' use of designated public benefits while in the status they wish to change or extend.  *See* Exhibit B.

36.     By DHS's own estimate, the rule will impact more than 1.2 million applicants and petitioners annually, including over 382,000 adjustment of status applicants and over 855,000 applicants and petitioners for change or extension of status. These estimates do not include the many millions of family members,

community members, employers, and other individuals and entities affected by the rule.

37.     For example, Form I-485 is 18 pages long, with 43 pages of instructions. According to the Form I-485 instructions, under the Paperwork Reduction Act, OMB estimates that the information collection for this form is 6 hours and 15 minutes.

38.     Form I-129 is 36 pages long, with 29 pages of instructions. According to the Form I-129 instructions, under the Paperwork Reduction Act, OMB estimates that the information collection for this form is more than 3 hours including the required supplements depending on nonimmigrant visa type selected.

39.     Form I-539 is 7 pages long with 17 pages of instructions and Form I-864 is 10 pages with 17 pages of instructions. According to the Form I-864 instructions, under the Paperwork Reduction Act, OMB estimates that the information collection for this form is 6 hours.

40.     Parrilli Renison LLC typically exceeds the estimated time in preparing and filing each of these forms and petitions.

41.     Parrilli Renison LLC, with its two attorneys and 8 staff, has expended hundreds of hours for many clients preparing filings using existing versions of these forms, and due to the collection burden, applicant's business travel schedules

(applicants must be in the U.S. on the day of filing), and other factors, has invested tens of thousands of law firm time and energy into these petitions. Few of these applications and petitions will be ready to file before the effective date of the current forms, and Parrilli Renison LLC, has been prevented from preparing filings for clients using the new forms because the new forms have not been issued.

42.     Parrilli Renison LLC usually prepares Form I-485 applications, which also include Form I-131 and Form I-765, as well as Form I-864 for family-based cases, over an average four to eight-week period.  It usually takes the completion of Form I-129 and Form I-539 combination cases over a four to six week period of time, requiring coordinating information collection, supporting document collection, resolving legal issues, answering client questions about responses, researching and analyzing issues, preparing draft forms for client review, preparing finalized forms for client signatures, arranging for delivery, coordinating with clients about requirements for international travel and U.S. physical presence during filings, and completing the filing after receipt of necessary filing fee checks. There are many details which go into an immigration filing, and because USCIS requires technical perfection in filings and is unforgiving in its stance for errors, the time spent on filings is considerable.

43.     Despite the gravity of these policy changes, the scale of the impacted populations, and the imminence of the rule's implementation, USCIS has not published final versions of the revised and new forms associated with the regulation. DHS published *draft* versions of those forms in conjunction with the rule, but it remains unknown to what extent the *final* versions will resemble the drafts as it undergoes review at the Office of Management Budget's Office of Information and Regulatory Affairs (OMB OIRA). Notwithstanding the unavailability of the updated forms, USCIS maintains that it will not accept the current editions of Forms I-485, I-129, I-539, I-864, and I-864EZ, if postmarked on or after October 15, 2019.

44.     USCIS published draft versions for public comment with the proposed rule, but then substantially altered those forms that were published with the final rule but did not permit any additional notice and comment.

45.     The regulation's complexity—including its elaborate "totality of circumstances" test—has prompted significant confusion among the public, local and state governments, immigration attorneys, and organizations, like AILA, regarding how USCIS plans to implement the rule in practice. And as widely reported, the rule has sparked fear and panic over the potential immigration consequences of the use of public benefits—even public benefits not covered under

the rule. Yet USCIS has elected not to stage any stakeholder events that would aid the public's comprehension of the regulation and resolve misconceptions. Likewise, the agency has not made publicly available any official guidance on implementation of the rule.

46.     Parrilli Renison LLC has been harmed by Defendants' failure to provide in a timely manner new forms which it has announced it will only accept on or after October 15, 2019, because Parrilli Renison LLC has relied upon Defendants' currently valid and publicly available forms for the past two months while the firm has prepared filings for its many clients.

47.     If Parrilli Renison LLC is forced to comply with Defendants' announced deadline of October 15, 2019, and made to use the new forms that the agency has not even published yet, without a grace period, Parrilli Renison LLC will be irreparably burdened with significant business income losses with resultant harm to its clients and their interests, which Parrilli Renison LLC is under ethical obligation to uphold.

48.     The harm would be entirely mitigated by the agency permitting current versions of the forms to be valid for a 60-day period following publication of final, publicly available new Forms I-129, I-485, I-539, and I-864.

49.    AILA has exhausted considerable resources attempting to raise USCIS's

failure to issue the requisite forms with agency personnel.

50.    The failure to receive any notice as to the final forms for immigration

benefits has significantly impacted AILA's ability to comply with its respective

core functions, including advising its members on how to comply with

immigration laws and regulations, a focus well within the zone of interests

protected under the INA that provides for attorney representation, but only if the

applicant non-citizen retains counsel on his or her own.

51.    AILA has diverted resources away from other priorities to serve its members

through this crisis with educational materials and practice alerts on all

developments.

52.    Defendants' failure to act has significantly impacted AILA's ability to

service its membership, including well-respected firms like Parrilli Renison, and it

will continue to suffer irreparable harm as a result of Defendants' unlawful actions.

## STATEMENT OF CLAIMS

**Count One:**
**Violation of the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq.***
**USCIS has arbitrarily and capriciously failed to provide adequate notice of**
**the necessary forms so eligible applicants may apply for immigration benefits**
**on or after October 15, 2019**

53.    The APA entitles "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . to judicial review thereof." 5 U.S.C. § 702.

54.    The APA empowers this Court to set aside a final agency action where, as here, the agency action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

55.    "Agency action," for purposes of the APA includes, an agency's "failure to act." 5 U.S.C. § 551(13); *see also Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 62, 124 S. Ct. 2373 (2004) (stating that the "the reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed").

56.    USCIS's arbitrary and unlawful failure to accept applications on or after October 15, 2019 or release the new forms to allow for fundamentally fair notice to prepare forms for immigration benefits represents an arbitrary and capricious agency action.

57.    For instance, USCIS's arbitrary and unlawful failure to accept applications on or after October 15, 2019 or release the new forms to allow for applications violates the plain language of 8 U.S.C. § 1255.

58.    By its plain terms, 8 U.S.C. § 1255(a) allows applicants to "make[] an application for . . .  adjustment" of status.

59.    If left unchecked, USCIS' failure to issue the forms inhibits applicants from exercising his or her statutory right to apply for adjustment of status.

60.    **"Such an extraordinary delegation of authority cannot be extracted from the statute Congress enacted."** *Kucana v. Holder*, 558 U.S. 233, 252 (2010).

61.    The contravention of 8 U.S.C. § 1255(a) is but one example of many demonstrating that USCIS has unlawfully and arbitrarily failed to issue the necessary revised forms to allow applicants, their representatives, and organizations seeking to advise such individuals so they can prepare, advise, and apply for immigration benefits on or after October 15, 2019.

62.    Unless remedied by this Court, eligible applicants, their representatives, such as Plaintiff Parrilli Renison, and organizations like AILA, will lose their respective ability to properly know, apply and provide immigration services authorized under law.

63.     Although Defendants have the authority to delay implementation of the final regulations, including issuance of the unreleased finalized forms, during the pendency of the lawsuits challenging the new regulations, it has not done so or offered good cause for its inaction. *See* 5 U.S.C. § 705 ("When an agency finds justice so requires, it may postpone the effective date of action taken by it, pending judicial review.").

64.     Defendants have acted arbitrarily, capriciously and unlawfully in failing to provide adequate notice and an opportunity to prepare for the revised forms for immigration benefits that incorporate the new "public charge" rules.

65.     Because the failure to release the requisite forms is contrary to law it must, be set aside. *See* 5 U.S.C. § 706(2)(A).

**Count 2**
**Violation of Procedural Due Process**
**USCIS's Decision to Reject all Applications for Immigration Benefits on or after October 15, 2019 that are not Sent on Forms It has not Released Does Not Provide Adequate Notice and a Meaningful Opportunity to be Heard**

66.     Plaintiffs re-alleges and incorporate by reference herein each one of the allegations set forth above.

67.     The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

68.     "Generally, procedural due process requires adequate notice and a

meaningful opportunity to be heard at some point before a right or interest is

forfeited." *Williams v. Conner*, 522 F. Supp. 2d 92, 103 (D.D.C. 2018), *citing*

*Mathews v. Eldridge*, 424 U.S. 319, 334, 96 S. Ct. 893 (1976).

69.     The failure of Defendants to either issue the finalized versions of the new

forms required to file for immigration benefits under the INA and extend a time by

which the prior versions of the forms will be accepted is constitutionally

insufficient. *Id.*

70.     Adequate notice and a meaningful opportunity to be heard, as provided

under the Constitution, would require Defendants to provide far more than a couple

days' notice to review the new forms to properly understand how to apply for

immigration benefits to comply with the new regulations. *Matthews*, 424 U.S. at

333 ("The fundamental requirement of due process is the opportunity to be heard at

a meaningful time and in a meaningful manner.") (internal quotation marks

omitted).

71.     Until Plaintiffs have a meaningful opportunity to view and have time to fully

understand the forms' requirements, they will suffer prejudice due to an inability to

file complete and accurate applications for immigration benefits.

72.     The failure to complete applications on a timely basis will frustrate Plaintiffs

ability to competently serve its respective members whose ability to file for relief

may open and close again within a matter of days due to the monthly changes in

the availability of visas;

73.     Just this week, USCIS issued sixty-five changes to the final rule without

permitting for notice and comment or providing good cause for doing so.  Because

"the substantive effect [of the October 15, 2019 deadline] is sufficiently grave,"

*Lamoille Valley R.R. Co. v. ICC*, 711 F.2d 295, 328, 229 U.S. App. D.C. 17 (D.C.

Cir. 1983)—it could spell the difference between retaining and losing the right to

remain in this country—the policy of public participation in decision-making that

underlies the APA has considerable force here and so too protections guaranteed

under the Fifth Amendment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the

following relief:

A.     Assume jurisdiction over this matter;

B.     Set aside Defendants' action to not accept current versions of the

following forms after October 15, 2019: Forms I-485, I-129, I-539, I-864,

and I-864EZ;

B.      Order Defendants to delay the effective date of the public charge rule

until at least 60 days after publication of all revised and new forms

associated with the rule;

C.      Order Defendants During that 60-day period, hold a series of public

engagements, while issuing official guidance and other materials, aimed at

enhancing stakeholder understanding of the rule;

D.      Order Defendants to: (A) immediately publish all revised forms

associated with the rule; and (B) for at least 60 days following that

publication, continue to accept the prior editions of those forms;

E.      Enjoin Defendants from rejecting filings prepared on current editions

of the Forms I-129, I-539, I-485, and I-864 until such time as a hearing can

be held on Plaintiffs' motion for preliminary injunction;

F.      Award attorneys' fees, costs, and interest as permitted by law; and

G.      Grant such further and other relief as may be just and proper;

                    Respectfully submitted,


                    /s/Jesse M. Bless
                    Jesse M. Bless (MA BBO # 660713)
                    American Immigration Lawyers Association
                    1301 G. Street, Ste. 300
                    Washington, D.C. 20033
                    (781) 704-3897
                    jbless@aila.org

_____

Brent Renison
Parrilli Renison, LLC
610 SW Broadway Suite 505
Portland, Oregon 97205
brent@entrylaw.com

Dated:  October 7, 2019

## CERTIFICATE OF COMPLIANCE

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated:  October 7, 2019                    Respectfully submitted,


                                           /s/Jesse M. Bless
                                           Jesse M. Bless (MA BBO # 660713)
                                           American Immigration Lawyers Association
                                           1301 G. Street, Ste. 300
                                           Washington, D.C. 20033
                                           (781) 704-3897
                                           jbless@aila.org