UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| American Immigration Lawyers Association,<br>1331 G Street, NW Suite 300<br>Washington, D.C. 20005-3142<br><br>Parrilli Renison, LLC<br>610 SW Broadway Suite 505<br>Portland, Oregon 97205<br><br>       Plaintiffs,<br><br>  v.<br><br>Kenneth Cuccinelli, in his Official Capacity, Acting Director, U.S. Citizenship and Immigration Services,<br>c/o Office of the General Counsel<br>245 Murray Lane, SW<br>Mail Stop 0485<br>Washington, DC 20528-0485<br><br>U.S. Citizenship and Immigration Services;<br>c/o Office of the General Counsel<br>245 Murray Lane, SW<br>Mail Stop 0485<br>Washington, DC 20528-0485<br><br>       Defendants. | **1:19-cv-02835-DLF**<br>**Honorable Judge Dabney L. Friedrich** |

**PLAINTIFFS' REPLY MEMORANDUM TO DEFENDANTS' OPPOSITION TO THE MOTION FOR A TEMPORARY RESTRAINING ORDER**

Pursuant to Local Rule 7(d), Plaintiffs hereby submit this reply

memorandum to Defendants opposition to the motion for a temporary restraining

1

order.  *See* Defendant's Opposition, ECF No. 5.  On October 7, 2019, Plaintiffs moved for a temporary restraining order due to the failure of Defendants to publish and *make available for use* finalized forms necessary to complete, prepare, and file for immigration benefits and provide for a reasonable transition period between the current and yet-to-be published forms.  See Motion for Temporary Restraining Order, ECF No. 2.  On October 8, 2019, Defendants filed its opposition in which it addressed the Minute Order of the Court directing Defendants to address the issues of standing and irreparable harm.  *See* Defendant's Opposition, ECF No. 5.  Defendants' assertions warrant this reply and the pleadings warrant the grant of Plaintiffs' motion for a temporary restraining order to maintain the status quo.

## I.     PLAINTIFS HAVE SHOWN A LIKELIHOOD OF STANDING

Plaintiffs have adequately established a likelihood of standing.  The Supreme Court has made clear that standing under Article III of the United States Constitution requires only that "[a]t least one plaintiff . . . have standing to seek each form of relief requested in the complaint." *Town of Chester v. Laroe Estates, Inc.*, --- U.S. ---, 137 S. Ct. 1645, 1651 (2017); *Rumsfeld v. Forum for Acad. & Institutional Rights, Inc.*, 547 U.S. 47, 52 n.2, 126 S. Ct. 1297 (2006) ("the presence of one party with standing is sufficient to satisfy Article III case-or-controversy requirement."); *see also Military Toxics Project v. EPA*, 146 F.3d 948, 954 (D.C. Cir. 1998).

Defendants failure to make necessary immigration forms *available for use* and provide for a reasonable transition period is an injury directly to Parrilli Renison that is likely to be redressed by the requested relief. *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 590, 112 S. Ct. 2130 (1992). While Defendants assert that draft forms published to www.regulations.gov, clearly marked "Not for Production" absolves any injury or harm to Parrilli Renison on an organizational basis, *see* Defendant's Opposition at 5-7, the allegations within the complaint and the evidence attached to Plaintiffs motion for a temporary restraining order, taken as true as they must at this stage, demonstrate the direct imminent and irreparable injuries to Plaintiff due to Defendants' failure to issue forms that *can be used now to prepare for applications that need to be filed on October 15, 2019, and thereafter*. See Complaint at ¶¶ 28, 30-32, 35-43, 46-47; ECF No. 1.; Affidavit of Brent Renison, Exhibit A, ECF No. 2. The injury and harm, irreparable, is three-fold: (1) the finalized version of the immigration forms have not been issued as of today; (2) the draft forms cannot be used for filing; and (3) even if issued, it is arbitrary and capricious for the agency to expect that anyone could properly advise, use, and understand the forms for purposes of filing in 3 business days, including the new Form I-944. Id. The Supreme Court has made it clear that "where threatened action by *government* is concerned, [courts] do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis of the threat."

*MedImmume, Inc. v. Genetech, Inc.*, 549 U.S. 118, 128-29, 127 S. Ct. 764 (2007). Again, no one can file for immigration benefits as of October 15, 2019, as things stand today in contravention of the rights to apply for such benefits under the Immigration and Nationality Act and the rights guaranteed under the Due Process Clause of the Constitution.  Compl. ¶¶ 53-73.  Accordingly, Plaintiff Parilli Renison, standing alone, has sufficiently demonstrated a likelihood of standing for purposes of issuing a temporary restraining order against Defendants.  *See Lujan*, 504 U.S. at 561 ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice . . . [because the court] presume[s] that general allegations embrace those specific facts that are necessary to support the claim.").

    The discussion on the likelihood of Parrilli Renison's standing could have easily switched with the likely standing of the American Immigration Lawyers Association, though the Court need not reach the issue to grant Plaintiffs' motion for a temporary restraining order.  *Town of Chester,* 137 S. Ct. at 1651.  In order to demonstrate associational standing, an organization may show either that the organization has suffered an injury in fact or that: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in

the lawsuit." *Am. Chem. Council v. Dep't of Transp.*, 468 F.3d 810, 815. (D.C. Cir. 2006) (internal quotation marks and citations omitted).  Moreover, to satisfy the first prong of this associational standing test, Plaintiffs must show that they have "at least one member" who has suffered, or imminently will suffer, an injury-in-fact, meaning an injury that is (1) "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (2) "fairly traceable to the challenged action of the defendant"; and (3) "likely, as opposed to merely speculative, . . . [to] be redressed by a favorable decision." *Id.* (internal quotation marks and citations omitted); *see also Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 914 (D.C. Cir. 2015).

AILA has shown, *supra* and through its pleadings, that at least one identified member faces an injury that is "concerted and particularized[.]" *Am. Chem. Council*, 468 F.3d at 815.  Brent Renison is an attorney and owner of Parrilli Renison and an AILA member who faces a "concerted and particularized" injury caused from the arbitrary and unlawful actions of the Defendants that would be addressed with the requested remedy.  AILA's interest in properly serving its membership of attorneys to properly file immigration benefits is germane to its core mission, and while Parrilli Renison has cause to assert its own rights, its participation is not necessary.  *Cf. Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2566, 204 L. Ed. 2d 978 (2019) (finding that "the predictable effect of

Government action on the decisions of third parties" was sufficient to establish standing).  Accordingly, at this stage, AILA has established a likelihood of standing whether due to the harm directly to the organization or in a representational capacity, one that the government has not challenged.  *Id; see Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379, 102 S. Ct. 1114 (1982) ("there can be no question that an organization has suffered injury in fact" where defendant's practices "have perceptibly impaired" its mission, causing a drain on the organization's resources.); *Summers v. Earth Island Inst.*, 555 U.S. 488, 498, 129 S. Ct. 1142 (2009) (explaining the alternative basis of associational or representational standing where an organization has standing to sue on behalf of an aggrieved member); Gov. Opp. at 3-5, ECF. No. 5.

## II.   THE UNDISPUTED FACT THAT FORMS FOR IMMIGRATION BENEFITS HAVE NOT BEEN MADE PUBLIC AND CANNOT BE USED DEMONSTRATES THE IRREPARABLE HARM TO PLAINTIFFS

The injury to Plaintiffs is irreparable absent immediate, preliminary relief.  Again, no one can file for many critical immigration benefits as of October 15, 2019, as things stand today, in contravention of the rights to apply for such benefits under the Immigration and Nationality Act and the rights guaranteed under the Due Process Clause of the Constitution.  Compl. ¶¶ 53-73.  Defendants' actions have closed the immigration system for affirmative benefits causing all affected parties irreparable harm, that is "an imminent injury that is both great and likely, and for

which legal remedies are inadequate." *Jackson v. Dist. of Columbia*, 692 F. Supp. 2d 5, 7 (D.D.C. 2010) (*citing Wisconsin Gas Co. v. Federal Energy Regulatory Com.*, 758 F.2d 669, 674, 244 U.S. App. D.C. 349 (D.C. Cir. 1985). Failure to be able to timely file for certain immigration benefits could result in the loss of status for the client's represented by Parrilli Renison and AILA members and result in the accrual of unlawful presence by these individuals. *See* 8 U.S.C. § 1182(a)(9). Moreover, companies represented by Plaintiffs or its members may not be able to timely employ essential personnel.

Preparation of forms to file immigration benefits takes weeks and involves back and forth process with the clients. Thus, an attorney cannot predict exact date on which a form will be ready for filing. Indeed, most practitioners rely upon a form provider. Plaintiff's Mot., Exhibit A. ¶¶10, 12. With only 3 business days between publication of the final forms and effective date, the providers, attorneys, and organizations, like AILA, will not have any meaningful ability or notice to use the forms even if they are finally made available today.

Defendants have commonly granted the grace period requested here due to the chaotic and harmful nature that results when new forms are required to file immigration benefits. *See* https://www.uscis.gov/forms-updates (showing that even when new versions of forms are released by USCIS, the agency continues to accept older versions of the forms for some period of time); ); *see also*

https://www.uscis.gov/news/alerts/update-uscis-publish-revised-form-i-539-and-new-form-i-539a-march-8 (showing that USCIS can extend a grace period to allow for a transition between form versions).  Absent this reasonable flexibility and maintenance of the status quo, Plaintiffs will suffer is "an imminent injury that is both great and likely, and for which legal remedies are inadequate." *Jackson v. Dist. of Columbia*, 692 F. Supp. 2d at 7.  Accordingly, Defendants' claims to the contrary lack merit.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request this Court to enter an immediate order granting Plaintiffs request for immediate injunctive relief and directing Defendants to immediately delay its self-imposed October 15, 2019 deadline to no longer accept the available forms necessary to apply for immigration benefits for the duration of this proceeding.

Respectfully submitted,

/s/Jesse M. Bless
Jesse M. Bless (MA BBO # 660713)
American Immigration Lawyers Association
1301 G. Street, Ste. 300
Washington, D.C. 20033
(781) 704-3897
jbless@aila.org

<u>/s/Brent Renison</u>
Brent Renison
Parrilli Renison, LLC
610 SW Broadway Suite 505
Portland, Oregon 97205
brent@entrylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2019, I electronically filed the foregoing with the Clerk for the United States District Court for the District of Columbia by using the Court's Electronic Court Filing system. A true and correct copy of the motion has been served via the Court's ECF system on all counsel of record.

s/Jesse M. Bless
Jesse M. Bless (MA BBO # 660713)
American Immigration Lawyers Association
1301 G. Street, Ste. 300
Washington, D.C. 20033
(781) 704-3897
jbless@aila.org
